UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ANDRES RAMON MELO

V.                                                                   No.

STERLING SUFFOLK RACECOURSE, LLC


INJUNCTIVE RELIEF SOUGHT

COMPLAINT

The plaintiff, Andres Ramon Melo by and through counsel, hereby sues the Defendant Sterling Suffolk Racecourse, LLC for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. s. 12181, et. seq and alleges the following:

JURISDICTION

1. This Court has jurisdiction over the action pursuant to 28 U.S.C. s.1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. 12181 et. seq., based upon Defendant's violations of Title III of the ADA(see also, 28 U.S.C. s. 2201 and 2202).

2. The Plaintiff, Andres Ramon Melo, is a resident of the Commonwealth of Massachusetts and is disabled and substantially limited in performing one or more of major life activities, including but not limited to walking, standing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods and services, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which

exist at the Facility, including those set forth in this Complaint.

3. Plaintiff has visited the facility and intends to visit there again.

4. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at Defendant's facility and Defendant's actions or inactions herein.

5. Defendant is a Massachusetts Limited Liability Company and subject to the laws of the Commonwealth of Massachusetts.

6. Defendant operates a horse racing track known as "Suffolk Downs" and is located at 111 Waldemar Avenue, East Boston, Massachusetts.

7. " Suffolk Downs" is a place of public accommodation subject to the requirements of Title III of the ADA.

8. The Defendant owns/operates a public accommodation as defined in Title III of the ADA, 42 U.S.C. s. 12181(7)(E).

9. The Defendant is an entity that affects commerce and owns a public accommodation as defined in 42 U.S.C. s. 12181(7)(E).

## FACTUAL ALLEGATIONS AND CLAIM

10. On, July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), 42 U.S.C. s. 12101, et. seq.

11. Congress explicitly stated that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; provide consistent enforceable standards addressing discrimination against individuals with disabilities, and invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment

and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. s. 12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992 or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. s. 12181, 28 C.F.R. s. 36.508(a).

13. The facility is a public accommodation and service establishment.

14. Pursuant to the mandates of 42 U.S.C. s. 12134(a), on July 26,1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less) 42 U.S.C. s.12181, et seq. and 28 F.C.R. s.36.508(a).

15. The facility must be, but is not, in compliance with the ADA and ADAAG.

16. The Plaintiff has visited the facility but has had difficulty accessing its goods and services because of his respective disabilities due to physical barriers to access and ADA violations that exist at the Facility that preclude and/or limit his access to the facility and/or goods and services and accommodations offered therein, including those set forth in this Complaint.  A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and

where the owner/operator does not intend to comply with the ADA  42 U.S.C. 12188(a)(1).

17.  The plaintiff intends to visit the facility again in order to utilize all of the goods, services, advantages and/or accommodations offered at this Facility, but will be unable to do so because of his disability due to the physical barriers to access and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or accommodations of the Facility, prohibited by 42 U.S.C. s. 12182(b)(2)(A)(iv), and will continue to discriminate against the Plaintiff and others with disabilities unless and until Defendant is compelled to remove the physical barriers that exist at the Facility, and make the Facility accessible to and useable by persons with disabilities including the Plaintiff.

18. Defendant has discriminated against the Plaintiff by failing to comply with the above requirements.  A specific, although not exclusive list of barriers and ADA violations which preclude the Plaintiff to access the Facility and/or full and equal enjoyment of the goods, services, privileges and or accommodations of the Facility include:

a. There is not an accessible route connecting all public areas, elements, spaces at the Facility. ADAAG 4.3

b. There is not an accessible route connecting the building entrances to the street, sidewalk,and/or public transportation stop. ADAAG 4.3.2

c. Doors at the facility are inaccessible. ADAAG 4.13 and 4.14

d. Doors at the facility have inaccessible door hardware. ADAAG 4.13.9

e. There are counters that are too high and inaccessible.  ADAAG 7.2

f. There are restrooms at the facility that are inaccessible due to inaccessible doors, inaccessible entrances, insufficient clear floor space, insufficient turning space for wheelchairs, water closets are inaccessible, dispensers are inaccessible, sinks are inaccessible, all in violation of ADAAG. 4.22

g. There is not means of emergency egress of area or rescue assistance. ADAAG 4.3.11

h. There is seating that does not comply with ADAAG 4.32

i. There are parking spaces that violate 4.1.2 and 4.6.1 of the ADAAG.

j. The defendant has failed to modify policies and procedures at the facility where required to ensure equal access for persons with disabilities.

19. The above listing is not considered all inclusive of all barriers or ADA violations encountered by the Plaintiff which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

20. The Plaintiff attempted to gain access to the Facility, but because of his disability has been denied the benefits of services, programs and activities of the Facility and has been discriminated against by the Defendant, because of the barriers and ADA violations set forth above and expects to be discriminated against again in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

21. The removal of barriers and ADA violations set forth herein is readily achievable and can be accomplished without much difficulty or expense 42 U S C  s 12182(b)(2)(A)(iv), 42 U S C s 12181(9), 28 CFR s 36.304.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and

reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers and ADA violations that exist at the Facility.

23. Plaintiff has been obligated to retain counsel for the filing of this action, and has agreed to pay the undersigned counsel fees, costs and expenses from Defendant pursuant to 42 U.S.C. x. 12205 and 12117.

24. Pursuant to 42 U.S.C. s. 12188(a), this Court is provided authority to grant injunctive relief to the Plaintiff, including an order to alter the facility to make it readily accessible to and usable by individuals with disability to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff requests that the Court issue a permanent injunction enjoining Defendant to remove the physical barriers to access and alter the Facility to make it readily accessible to and usable by individuals with disabilities including the Plaintiff to the extent required by the ADA, and awarding the Plaintiff his reasonable attorney's fees, expert fees, costs and expenses incurred in this action.

Respectfully submitted,

/s/Edward N. Garno
Edward N. Garno
347 Haverhill Street
Lawrence, MA  01840
 978-687-7805
 #564378