# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRES RAMON MELO and<br>RONALD MOORE,<br>         Plaintiffs,<br><br>v.<br><br>STERLING SUFFOLK RACECOURSE, LLC,<br>         Defendant. | C.A. No. 10-cv-10811-RWZ |

### ANSWER

Defendant Sterling Suffolk Racecourse, LLC ("Suffolk Downs") answers the Amended Complaint of plaintiffs Andres Ramon Melo and Ronald Moore ("Plaintiffs") as follows:

### FIRST AFFIRMATIVE DEFENSE

Suffolk Downs states that Plaintiffs have failed to state a claim upon which the Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to a facility that are not readily achievable or are structurally impracticable, technically infeasible, or not required.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to facility that would create an undue hardship on Suffolk Downs.  Suffolk Downs has lost money for several years and its ability to remain in operation in the future is in doubt if the Massachusetts government does not enact expanded gaming legislation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications that would require Suffolk Downs to fundamentally alter the way it provides services.

## FIFTH AFFIRMATIVE DEFENSE

Suffolk Downs has at all times acted in good faith, in reasonable belief that its conduct is in compliance with the Americans with Disabilities Act.

## SIXTH AFFIRMATIVE DEFENSE

To the extent architectural barriers exist, which Suffolk Downs denies, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

## SEVENTH AFFIRMATIVE DEFENSE

The subject property allows disabled persons effective access and therefore does not violate the ADA.

## EIGHTH AFFIRMATIVE DEFENSE

Suffolk Downs was constructed before the enactment of the Americans with Disabilities Act.

## NINTH AFFIRMATIVE DEFENSE

Suffolk Downs has not undergone any alterations since the enactment of the Americans with Disabilities Act.

## TENTH AFFIRMATIVE DEFENSE

Suffolk Downs states that Plaintiffs lack standing to bring this action.

EAST\43403764.1

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Suffolk Downs states that Plaintiffs are not entitled to relief because the claims they present are within the scope of the claims alleged in the case of <u>Theodore, et al. v. Suffolk Sterling Racecourse, LLC</u>, C.A. No. 08-11713, U.S.D.C., D. Mass., and the barriers alleged in Plaintiffs' Amended Complaint are among the items to be performed by Suffolk Downs pursuant to a consent decree in the <u>Theodore</u> case.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

For its twelfth affirmative defense, Suffolk Downs states that the Plaintiffs have failed to state a claim under Mass. Gen. Laws c. 272 because they are not entitled to damages under that statute.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

For its thirteenth affirmative defense, Suffolk Downs answers the allegations of the Complaint as follows:

1.      Paragraph 1 as written is not a sentence and does not make grammatical sense. Suffolk Downs admits it is located at the address set forth in Paragraph 1 and denies all other allegations contained therein.

2.      Paragraph 2 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Suffolk Downs admits that it is located in this judicial district.

3.      Suffolk Downs denies that it has violated Title III of the Americans with Disabilities Act ("ADA") or the Massachusetts law against discrimination, or any other statute. Paragraph 3 otherwise states legal conclusions to which no response is required.

4.      Suffolk Downs lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.      Suffolk Downs lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      Suffolk Downs incorporates by reference its response to Paragraphs 1-5.

7.      Suffolk Downs admits that it owns and operates a racetrack located at 111 Waldemar Ave. in East Boston, MA.  The remainder of Paragraph 7 contains legal conclusions to which no response is required.

8.      Suffolk Downs denies that it is not in compliance with the ADA or that Plaintiffs have been or have reasonable grounds to believe that they will be discriminated against by Suffolk Downs in violation of the ADA.  Suffolk Downs lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.

9.      Denied.

10.     Denied.

11.     Suffolk Downs denies that there are any discriminatory violations of the ADA at its facility.  Suffolk Downs further denies that Plaintiffs and others similarly situated have been or will be denied access to the facility or services, programs or activities of Suffolk Downs or that they have been or will be discriminated against by Suffolk Downs.  Suffolk Downs lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11.

12.     Denied.

13.     Suffolk Downs denies that Plaintiffs are entitled to any remedy at law or in equity and that they have suffered any irreparable harm on account of actions by Suffolk Downs.  Plaintiffs claim to entitlement to attorneys' fees is a legal conclusion to which no response is required; the extent a response is required, Suffolk Downs denies that the Plaintiffs are entitled to

recover attorneys' fees.  Suffolk Downs lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Paragraph 14 is denied.  Suffolk Downs further answers by stating that its facility was constructed in 1934.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Paragraph 15 is denied.

16.     Suffolk Downs denies that its facility is inaccessible or unusable to persons with disabilities.  Paragraph 16 otherwise states legal conclusions to which no response is required. To the extent a response is required, Suffolk Downs denies the remainder of Paragraph 16.

17.     Suffolk Downs repeats its responses to all of the preceding paragraphs.

18.     Paragraph 18 states a legal conclusion to which no response is required.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Denied.

                                        STERLING SUFFOLK RACECOURSE, LLC

                                        By its attorneys,

                                        _____/s/ Bruce S. Barnett_____
                                        *Bruce S. Barnett (B.B.O #647666)*
                                        *DLA PIPER LLP (US)*
                                        *33 Arch Street, 26th Floor*
                                        *Boston, MA  02110-1447*
                                        *(617) 406-6000*

*Dated:  August 30, 2010*

**EAST\43403764.1**

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2010.

*/s/ Bruce S. Barnett*
Bruce S. Barnett

EAST\43403764.1